562

in his garage, may talk to anyone in or from his home upon any subject, but such a use is in no sense comparable to the continuous carrying on of a recognized business on property involving repeated contacts with customers or accompanied by advertising signs inviting the public to come to the office to transact business. Moreover, proof that there were other violations of the ordinance, if the evidence sustained that conclusion, would not excuse defendant's violation.

As the remaining ground for reversal it is urged that there is no basis in the record to warrant the assessment of $157 costs against the defendant. This point may be briefly disposed of by stating that no objection was made in the trial court to the amount of costs taxed and included in the judgment, and no motion was made that costs be retaxed, as provided for in section 26 of the act relating to costs (Ill. Rev. Stat. 1945, ch. 33 [Jones Ill. Stats. Ann. 107.064]). Consequently, the objection cannot be raised for the first time on appeal. *Mitchell v. Art Institute of Chicago,* 269 Ill. 381.

We are of opinion that the judgment of the criminal court should be affirmed, and it is so ordered.

Judgment affirmed.

SULLIVAN, P. J., and SCANLAN, J., concur.

Edith Barnett, Appellee, v. E. C. Clark, Appellant.

Gen. No. 9,608.

opinion filed October 29, 1948; released for publication November 24, 1948. J. W. Templeman, for appellant; A. B. Johnson and L. Allan Watt, for appellee. Opinion by PRESIDING JUSTICE DADY. Not to be published in full.

Peter Frisch, Appellee, v. Paul Knapp, Appellant.

Gen. No. 9,606.

opinion filed October 29, 1948; released for publication November 24, 1948. William R. Bach and William J. Bach, for appellant; Chester Thomson, for appellee. Opinion by JUSTICE O'CONNOR. Not to be published in full.